IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY AMEN ANDERSON VALENTINE SHABAZZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERRON CADE, et al., )<br>)<br>Defendants. ) | C.A. No. 23-1029 (MN) |
| DANNY AMEN ANDERSON VALENTINE SHABAZZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRIS BRUCE, et al., )<br>)<br>Respondents. ) | C.A. No. 23-1097 (MN) |

**MEMORANDUM OPINION**

Danny Amen Anderson Valentine Shabazz, Chester, Pennsylvania – Pro Se Plaintiff.

April 30, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Danny Amen Anderson Valentine Shabazz filed these actions purporting to raise claims for criminal copyright infringement, federal criminal hate crimes and criminal interference with Right to Fair Housing.[1]  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  The Court proceeds to review and screen the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(b).[2]

## I. BACKGROUND

Shabbazz's allegations are difficult to discern but appear to involve a non-disclosure agreement between Shabazz and one of the Defendants, possibly involving a vocal recording track that was allegedly used in conjunction with some aspect of the 2020 Democratic National Convention and presidential election.  He seeks damages and injunctive relief.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Shabazz proceeds *pro se*, his pleading is liberally construed and the Complaints, "however inartfully pleaded, must be held to

---

[1] Shabazz filed No. 23-1097 in Southern District of New York, but it was subsequently transferred to this Court.

[2] Plaintiff's filing in No. 23-1097 is nominally titled a petition, but this Court construes it as a complaint.

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed however for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Shabazz's Complaints are frivolous and will be dismissed. Shabazz's efforts to bring civil claims against Defendants under federal hate crime laws, and other criminal laws, are fatally

flawed. For example, the Third Circuit has long held that the hate crime laws relied upon by Plaintiff are criminal statutes, which do not confer private rights of action. *See United States v. City of Philadelphia*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242); *see also Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created"); *Lusick v. Lawrence*, 378 F. App'x 118, 121 (3d Cir. 2010) (per curiam) ("Lusick's reliance on 18 U.S.C. § 241[,] [which] criminaliz[es] conspiracy to impede the exercise of federal rights[,] is inappropriate, as that statute does not give rise to a cognizable federal claim in a civil suit.").

The Complaints will be dismissed. Amendment is futile. All pending motions in both cases will be denied as moot.

### III.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order will be entered.

3